# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# OWENSBORO DIVISION

**RANDY LYNN TURNER**                                                             **PLAINTIFF**

**v.**                                             **CIVIL ACTION NO. 4:25-CV-P22-JHM**

**DAVIESS COUNTY SHERIFF OFFICE** *et al.*                            **DEFENDANTS**

## MEMORANDUM OPINION

Plaintiff Randy Lynn Turner initiated this *pro se* 42 U.S.C. § 1983 prisoner civil-rights action. This matter is now before the Court on initial review pursuant to 28 U.S.C. § 1915A. For the reasons stated below, the Court will dismiss the action without prejudice.

### I.

Plaintiff is incarcerated at the Daviess County Detention Center. He brings this suit against the Daviess County Sheriff's Office (DCSO) and DCSO Deputy Sheriff Skaggs in her official capacity only. Plaintiff alleges that in 2021 Defendant Skaggs was working on a case involving a stolen trailer. Plaintiff states Defendant Skaggs eventually made false statements about him regarding this crime which led a judge to issue an arrest warrant for him. Plaintiff states that Defendant Skaggs told the judge that Plaintiff's brother and his wife had told her that he had taken their trailer even though his brother went to the DCSO and "told them that he never told them that." Plaintiff asserts that Defendant Skaggs's false statements led to him being charged with a parole violation and sent back to prison for the three years. He additionally states, "all this still going on in circuit court." In the "Relief" section of the complaint form, Plaintiff indicates that he does not seek any type of relief. The Court construes the complaint as asserting a Fourth Amendment false-arrest claim.

**II.**

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When determining whether a plaintiff has stated a claim upon which relief can be granted, the Court must construe the complaint in a light most favorable to Plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

**III.**

Section 1983 creates no substantive rights but merely provides remedies for deprivations of rights established elsewhere. *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446

U.S. 635, 640 (1980). "A plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

Defendant DCSO is not a "person" subject to suit under § 1983. *See Rhodes v. McDannel*, 945 F.2d 117, 120 (6th Cir. 1991) (holding that a sheriff's department is not a legal entity subject to suit under § 1983). In this situation, it is Daviess County that is the proper Defendant. *See Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). Moreover, "[o]fficial-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). Thus, Plaintiff's official-capacity claim against Defendant Skaggs is against her employer, which is also Daviess County.

When a § 1983 claim is made against a municipality or county, this Court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality or county is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). In regard to the second component, a municipality or county cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a policy or custom of the county or municipality and the alleged constitutional deprivation. *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Deaton v. Montgomery Cnty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994) (quoting *Polk Cnty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)).

Here, Plaintiff does not allege that any action in the complaint was taken pursuant to a policy or custom of Daviess County. Accordingly, Plaintiff's claim against the DCSO and his official-capacity claim against Defendant Skaggs must be dismissed for failure to state a claim upon which relief may be granted.

## IV.

For the foregoing reasons, the Court will enter a separate Order dismissing the action. However, the dismissal will be without prejudice and with leave for Plaintiff to amend the complaint to sue Defendant Skaggs in her individual capacity and to indicate the relief he seeks.

Date: March 31, 2025

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Plaintiff, *pro se*
4414.011

4